IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. _____

FIRST PROTECTIVE INSURANCE
COMPANY,

    Plaintiff,

v.

WILLIS PHILLIPS and
DIANNE PHILLIPS,

    Defendants.

**COMPLAINT FOR
DECLARATORY RELIEF**

NOW COMES the Plaintiff, FIRST PROTECTIVE INSURANCE COMPANY (hereinafter "First Protective") by and through undersigned counsel, and complaining of the Defendants, WILLIS PHILLIPS and DIANNE PHILLIPS (collectively the "Phillips"), hereby alleges and states as follows:

**PARTIES**

1. Plaintiff FIRST PROTECTIVE is a corporation existing under the laws of the State of Florida, with a principal place of business in Lake Mary, Florida. FIRST PROTECTIVE is in the business of providing insurance and was, at all times relevant to this Complaint, duly authorized to transact business in the State of North Carolina.

2. Defendants WILLIS PHILLIPS and DIANNE PHILLIPS are, upon information and belief, citizens and residents of Carteret County, North Carolina. The PHILLIPS are owners of real property located at 120 Edwards Drive, Morehead City, North Carolina 28557 that was damaged on or around September 14, 2018, as a result of Hurricane Florence ("the Loss"),

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is complete diversity of citizen between FIRST PROTECTIVE, a Florida resident, and the PHILLIPS, North Carolina residents. The PHILLIPS are subject to personal jurisdiction in this District.

4. As will be described further herein, the amount-in-controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. An actual and continuing controversy exists among the parties to this action concerning the applicability of coverage under the policy of insurance issued to the PHILLIPS. The Court is therefore authorized to declare the rights of the parties pursuant to The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, acts, or omissions giving rise to the underlying claim and questions surrounding coverage under the policy of insurance at issue occurred in Carteret County, North Carolina.

## THE FIRST PROTECTIVE POLICY

7. FIRST PROTECTIVE bound a Windstorm and Hail policy of insurance for the PHILLIPS under policy number FPH3-000112061 (hereinafter, the "First Protective Policy"). The First Protective Policy was in effect from 12:01 AM on April 18, 2018 to 12:01 AM on April 18, 2019.

8. A true and accurate copy of the First Protective Policy is attached hereto as **EXHIBIT A**.

9. The First Protective Policy includes coverage for Personal Property under Coverage C, substantially similar to the following:

**C.** **Coverage C – Personal Property**

**1.** **Covered Property**

We cover personal property owned or used by an "insured" while it is anywhere in the world. After a loss and at your request, we will cover personal property owned by:

**a.** Others while the property is in on the part of the "residence premises" occupied by an "insured"; or

**b.** A guest or a "residence employee", while the property is in any residence occupied by an "insured".

\* \* \*

10. The First Protective Policy has a limit of liability of $273,500.00 for Coverage C – Personal Property.

11. The First Protective Policy contains Conditions, which include Duties After Loss, substantially similar to the following:

**SECTION I – CONDITIONS**

\* \* \*

**C.** **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**1.** Give prompt notice to us or your agent;

**2.** Protect the property from further damage. If repairs to the property are required, you must:

**a.** Make reasonable and necessary repairs to protect the property; and

  **b.** Keep an accurate record of repair expenses;

**3.** Cooperate with the investigation of a claim;

**4.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory.

**5.** As often as we reasonably require:

  **a.** Show the damaged property;

  **b.** Provide us with records and documents we request and permit us to make copies; and

  **c.** Submit to examination under oath, while not in the presence of another "insured", and sign the same.

* * *

12. The First Protective Policy contains what is commonly referred to as an appraisal provision, as modified by Endorsement HS 32 32 02 15 (Special Provisions – North Carolina), substantially similar to the following:

**SECTION I – CONDITIONS**

* * *

**F.** **Appraisal**

If you and we fail to agree on the value or amount of any item or loss, either may demand an appraisal of such item or loss. In this event, each party will choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. The two appraisers will choose a competent and impartial umpire. If they cannot agree upon an umpire within 15 days, you or we may request that a choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to use, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:

> 1. Pay its own appraiser; and
>
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. If there is an appraisal, we still retain the right to deny the claim.

13. The First Protective Policy contains a Loss Payment provision, as modified by Endorsement HS 32 32 02 15 (Special Provisions – North Carolina), substantially similar to the following:

> **SECTION I – CONDITIONS**
>
> \* \* \*
>
> **J.   Loss Payment**
>
> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. We will pay within 60 days after the amount is finally determined.
>
> The amount may be determined by:
>
> 1. Reaching an agreement with you;
>
> 2. Entry of a final judgment; or
>
> 3. The filing of an appraisal award with us.

## THE LOSS ADJUSTMENT AND APPRAISAL

14. In connection with the Loss, FIRST PROTECTIVE appointed an independent adjuster to inspect the loss. On or around January 25, 2019, FIRST PROTECTIVE's independent adjuster contacted the PHILLIPS to arrange an inspection of the Loss.

15. On or around February 5, 2019, FIRST PROTECTIVE's independent adjuster completed a field inspection of Loss. WILLIS PHILLIPS was present at the time of the field

inspection, but did not present any personal property and/or contents of the Loss as damaged.

16. On or around March 12, 2019, the PHILLIPS' public appraiser, Adam Schwartz ("Appraiser Schwartz") transmitted a Letter of Representation to FIRST PROTECTIVE, advising that he had been retained to represent the PHILLIPS in connection with the Loss. At all times relevant hereto, Appraiser Schwartz was acting as a representative of the PHILLIPS in connection with the Loss.

17. On or around April 8, 2019, FIRST PROTECTIVE sent a Demand for Appraisal to Appraiser Schwartz and advised that FIRST PROTECTIVE had chosen Ryan Harris (hereinafter, "Appraiser Harris") to act on its behalf.

18. On or around July 25, 2019, Appraiser Harris requested records and documents regarding the PHILLIPS' personal property.

19. On or around August 1, 2019, but in any event after FIRST PROTECTIVE had transmitted its Demand for Appraisal, Appraiser Schwartz provided a personal property list to Appraiser Harris, claiming $243,920.96 for the PHILLIPS' personal property (the "Contents Claim").

20. Neither the PHILLIPS nor Appraiser Schwartz had presented the Contents Claim to FIRST PROTECTIVE or Appraiser Harris prior to the Demand for Appraisal.

21. Prior to the Demand for Appraisal, FIRST PROTECTIVE had issued two payments under Coverage C. First, on or around January 24, 2019, FIRST PROTECTIVE transmitted correspondence to PHILLIPS, including a payment of $1,800.00 under Coverage C for "Pak-A-Sak Storage Invoices". Second, on or around February 13, 2019, FIRST PROTECTIVE transmitted correspondence to PHILLIPS, including a payment of $600.00 under Coverage C for "Pak-A-Sak Storage Invoices".

22. On or around August 1, 2019, Appraiser Harris contacted Appraiser Schwartz regarding the PHILLIPS' personal property to request records and documents regarding the Contents Claim. Appraiser Schwartz informed Appraiser Harris that many of the items claimed in connection with the Contents Claim had been discarded.

23. Upon information and belief, the items claimed in connection with the Contents Claim did not appear in the first field report prepared during the loss adjustment.

24. Upon information and belief, some of the items claimed in connection with the Contents Claim had, in fact, been relocated to a storage unit prior to the first field report prepared during the loss adjustment.

25. On or around August 1, 2019, Appraiser Harris contacted Appraiser Schwartz to request an inspection of the storage unit and a showing of the damaged items claimed in connection with the Contents Claim, but Appraiser Schwartz did not permit Appraiser Harris to access, view, or inspect the items contained in the storage unit.

26. On or around November 18, 2019, the Carteret County Court appointed an umpire, Charles K. McCotter, Jr. ("Umpire McCotter"), for the appraisal of the PHILLIPS' loss.

27. During the appraisal period, FIRST PROTECTIVE engaged the services of a third-party, Enservio, Inc. ("Enservio"), to assist in the inspection and documentation of the Contents Claim.

28. Enservio contacted Appraiser Schwartz to request information regarding the PHILLIPS' personal property and/or the Contents Claim. Appraiser Schwartz stated the information was not needed, and did not provide records or documents regarding the PHILLIPS' personal property and/or the Contents Claim.

29. The PHILLIPS and/or Appraiser Schwartz did not permit FIRST PROTECTIVE, Appraiser Harris, or Enservio an opportunity to perform a physical inspection of the items claimed in connection with the Contents Claim.

30. The PHILLIPS and Appraiser Schwartz did not provide records or documents to allow FIRST PROTECTIVE, Appraiser Harris, or Enservio, to assess a value of the items claimed in connection with the Contents Claim.

31. Because the PHILLIPS and Appraiser Schwartz did not provide information regarding PHILLIPS' personal property, Enservio could not prepare a Contents Valuation Report, requested by Appraiser Harris on behalf of FIRST PROTECTIVE.

32. On or around December 20, 2019, Umpire McCotter signed the "Appraisal of Insurance Claim – Award" (hereinafter, "Appraisal Award"). On or around December 21, 2019, Appraiser Schwartz signed the Appraisal Award. The Appraisal Award provided for $100,000.00 under Coverage C – Personal Property, as determined by Umpire McCotter.

33. On or around December 30, 2019, Umpire McCotter signed a "Modified and Restated Appraisal of Insurance Claim – Award" (hereinafter, "Modified Award"). On or around December 31, 2019, Appraiser Schwartz signed the Modified Award. The Modified Award provided for $100,000.00 under Coverage C – Personal Property, as determined by Umpire McCotter.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT – FAILURE TO PERFORM DUTIES AFTER LOSS**
**(All Defendants)**

34. FIRST PROTECTIVE incorporates by referenced and recites every preceding paragraph as if fully set forth herein.

35. As set forth herein, the First Protective Policy contains certain Duties After Loss, including but not limited to cooperating with the investigation of a claim; preparing an inventory of damaged personal property; and, as often as may be reasonably required, showing damaged property and providing records and documents requested.

36. Following the Loss, the PHILLIPS had a duty to perform those Duties After Loss, as set forth in the First Protective Policy.

37. As set forth herein, the PHILLIPS breached their duty to give prompt notice to FIRST PROTECTIVE of the Contents Claim and/or the value or amount of any item or loss under Coverage C, as such claim was not made until after a Demand for Appraisal had been made.

38. As set forth herein, the PHILLIPS breached their duty to cooperate with the investigation of a claim, as required by the First Protective Policy, by:

   a. failing to provide records and documents for the items claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C;

   b. failing to prepare an inventory of damaged personal property showing the quantity, description, actual cash value, and amount of loss for the items claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C;

   c. failing to provide bills, receipts, and related documents justifying the figure claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C;

  d. failing to show the items claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C;

  e. failing to permit FIRST PROTECTIVE, Appraiser Harris, and Enservio to inspect the items claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C; and

  f. failing to provide the records and documents requested by FIRST PROTECTIVE and Appraiser Harris for the items claimed in connection with the Contents Claim and/or the value or amount of any item or loss under Coverage C.

39. As set forth herein, the PHILLIPS breached their duty to prepare an inventory of damaged personal property showing the quantity, description, actual cash value, and amount of loss for the items claimed in connection with the Contents Claim, as required by the First Protective Policy.

40. As set forth herein, the PHILLIPS breached their duty to provide bills, receipts, and related documents justifying the figure claimed in connection with the Contents Claim, as required by the First Protective Policy.

41. As set forth herein, the PHILLIPS breached their duty to show the items claimed in connection with the Contents Claim, as required by the First Protective Policy.

42. The PHILLIPS' failure to comply with these Duties After Loss was prejudicial to FIRST PROTECTIVE, in the following ways:

  a. FIRST PROTECTIVE was not provided an opportunity to adjust the claim with respect to any item or loss under Coverage C – Personal Property; and

b. the Appraisal Award and Modified Award resulted in an award of $100,000.00 by Umpire McCotter for Coverage C – Personal Property.

43. WHEREFORE, FIRST PROTECTIVE prays that this Honorable Court enter a judicial declaration that the PHILLIPS failed to perform their Duties After Loss; that FIRST PROTECTIVE has been prejudiced by said failure; that FIRST PROTECTIVE has no duty to provide coverage for the Contents Claim and/or the value or amount of any item or loss under Coverage C; and that said judicial declaration is binding on the PHILLIPS.

## SECOND CLAIM FOR RELIEF
### DECLARATORY JUDGMENT – SET ASIDE APPRAISAL AWARD AND MODIFIED AWARD AS TO COVERAGE C – PERSONAL PROPERTY
**(All Defendants)**

44. FIRST PROTECTIVE incorporates by referenced and recites every preceding paragraph as if fully set forth herein.

45. The PHILLIPS are required to comply with the Duties After Loss, as set forth in the First Protective Policy, prior to invoking appraisal.

46. Prior to the Demand for Appraisal, the PHILLIPS did not substantiate the Contents Claim and/or the value or amount of any item or loss under Coverage C.

47. Prior to the Demand for Appraisal, the PHILLIPS did not provide a meaningful exchange of information regarding the Contents Claim and/or the value or amount of any item or loss under Coverage C.

48. Prior to the Demand for Appraisal, there was no disagreement between FIRST PROTECTIVE and the PHILLIPS with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C.

49. The failure to agree on the value or amount of any item or loss under Coverage C is a condition precedent to a demand for appraisal for any item or loss under Coverage C.

50. Because there was no disagreement between FIRST PROTECTIVE and the PHILLIPS with respect to the Contents Claim at the time of the Demand for Appraisal, appraisal was not triggered with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C.

51. Because the PHILLIPS did not comply with their Duties After Loss, as set forth herein, appraisal was not triggered with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C.

52. The PHILLIPS' compliance with their Duties After Loss is a necessary condition precedent to the invocation of appraisal.

53. As appraisal was not triggered with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C, the Appraisal Award and/or Modified Award are invalid and must be set aside.

54. WHEREFORE, FIRST PROTECTIVE prays that this Honorable Court enter a judicial declaration that there was no disagreement between FIRST PROTECTIVE and the PHILLIPS with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C; that appraisal was not triggered with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C; that FIRST PROTECTIVE has no duty to provide coverage for the Contents Claim and/or the value or amount of any item or loss under Coverage C; that the Appraisal Award and Modified Award are invalid and set aside; and that said judicial declaration is binding on the PHILLIPS.

55. **FIRST PROTECTIVE RESERVES THE RIGHT TO IDENTIFY FURTHER POLICY AND/OR COVERAGE DEFENSES AS LITIGATION IN THIS ACTION PROGRESSES AND TO SEEK A DECLARATION AS TO THE**

**APPLICABILITY OF POLICY PROVISIONS AN/OR TENETS OF LAW NOT SPECIFICALLY SET FORTH HEREIN.**

56. **FIRST PROTECTIVE HEREBY INCORPORATES BY REFERENCE EVERY TERM AND CONDITION OF THE FIRST PROTECTIVE POLICY AS IF FULLY RESTATED AND PLED HEREIN.**

WHEREFORE, FIRST PROTECTIVE INSURANCE COMPANY respectfully requests and prays to this Honorable Court as follows:

A. For a declaration that that the PHILLIPS failed to perform their Duties After Loss;

B. For a declaration that FIRST PROTECTIVE INSURANCE COMPANY has been prejudiced by the PHILLIPS' failure to perform their Duties After Loss;

C. For a declaration that FIRST PROTECTIVE INSURANCE COMPANY has no duty to provide coverage for the Contents Claim and/or the value or amount of any item or loss under Coverage C (exclusive of the amounts previously paid for Pak-A-Sak Storage Invoices);

D. For a declaration that there was no disagreement between FIRST PROTECTIVE and the PHILLIPS with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C;

E. For a declaration that appraisal was not triggered with respect to the Contents Claim and/or the value or amount of any item or loss under Coverage C;

F. For a declaration that that the Appraisal Award and Modified Award are invalid and set aside with respect to Coverage C (exclusive of the amounts previously paid for Pak-A-Sak Storage Invoices).

G.  For reasonable attorney's fees and costs of suit; and

H.  For other such relief as this Honorable Court deems just and proper.

This the 4th day of March, 2020.

/s/ JEFFREY D. KEISTER
Bar No: 28612
STEPHEN K. PYTLIK
Bar No: 50190
McAngus Goudelock & Courie, PLLC
Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
jkeister@mgclaw.com
stephen.pytlik@mgclaw.com

*Attorneys for First Protective Insurance Company*